UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 06-14320-Civ-Moore/Lynch

GAY-STRAIGHT ALLIANCE OF )
OKEECHOBEE HIGH SCHOOL, an )
unincorporated association and YASMIN )
GONZALEZ, through her parent and next )
friend Frankie Michelle Gonzalez, )
  )
        Plaintiffs, )
    vs. )
  )
SCHOOL BOARD OF OKEECHOBEE )
COUNTY and TONI WIERSMA, individually )
and in her official capacity as principal of )
Okeechobee High School, )
  )
        Defendants. )

---

## FIRST AMENDED COMPLAINT

Plaintiffs, GAY-STRAIGHT ALLIANCE OF OKEECHOBEE HIGH SCHOOL (the "Okeechobee GSA") and YASMIN GONZALEZ ("Yasmin") (collectively the "Plaintiffs"), sue defendants, School Board of Okeechobee County ("SBOC") and TONI WIERSMA ("Principal Wiersma"), individually and in her official capacity as principal of Okeechobee High School (collectively the "Defendants"), and allege the following:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment, injunctive relief, and nominal damages to remedy unlawful action by the Defendants to thwart the formation of, and deny equal access to, the Okeechobee GSA at Okeechobee High School ("OHS").

2. Defendants' actions violate the federal Equal Access Act, 20 U.S.C. §§ 4071, *et seq.*, which grants all non-curriculum related student groups equal access rights if a school

recognizes one or more non-curriculum related student groups. These claims are brought under 20 U.S.C. §§ 4071, *et seq*. and 42 U.S.C. § 1983.

3. Defendants' actions also violate the First Amendment to the United States Constitution. This claim is brought under 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343(a)(3).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because the Defendants reside in this district and the unlawful practices complained of and that give rise to the claims herein occurred within this district.

## PARTIES

6. The Okeechobee GSA is an unincorporated voluntary association of students who attend OHS; Okeechobee GSA brings this suit on behalf of itself as an organization and on behalf of its members.

7. Okeechobee GSA is comprised of individual members who are sophomores, juniors, and seniors at OHS.

8. Yasmin is a student in her senior year at OHS and the president of the Okeechobee GSA. She sues here by her next friend and parent, Frankie Michelle Gonzalez. She sues in her individual capacity and as president of the Okeechobee GSA.

9. SBOC is the legal entity that operates OHS. SBOC is a public entity created by Fla. Stat. §1001.30. SBOC is subject to suit pursuant to Fla. Stat. §1001.41(4).

10. Principal Wiersma is the principal of OHS and her approval is required for official school recognition of the Okeechobee GSA. She is being sued in her official and individual capacities.

2

11. Upon information and belief, SBOC and OHS receive federal funding.

## GENERAL ALLEGATIONS

12. Paragraphs 1 though 11 are incorporated herein by reference as if set forth in full.

13. The Plaintiffs sought official recognition of the Okeechobee GSA as a school club and access to OHS on an equal basis with other student groups in September of the 2006-07 school year by securing a teacher to serve as faculty advisor and by seeking Principal Wiersma's approval.

14. Plaintiffs complied with all requirements, rules, and procedures to gain access and recognition for a club at OHS.

15. The purpose of the Okeechobee GSA is to provide a safe, supportive environment for students to talk about homophobia and related harassment and violence and to work together to promote tolerance, understanding and acceptance of one another, regardless of sexual orientation.

16. The Okeechobee GSA attempted to secure approval as a non-curricular school club from Principal Wiersma in accordance with school rules. Principal Wiersma delayed making any decision for several weeks.

17. Several students from the Okeechobee GSA, including Yasmin, later presented to Principal Wiersma a document outlining the purposes of the proposed club. A true and correct copy is attached as Exhibit A.

18. The students have ratified a constitution for the Okeechobee GSA. A true and correct copy is attached as Exhibit B.

19. On or about October 12, 2006, Principal Wiersma refused to grant recognition of the club and denied it access to OHS on an equal basis with other non-curricular school

clubs, citing -- in the same conversation -- the contradictory reasons that a) the school already has *too many* non-curricular clubs and b) that the school does not allow *any* non-curricular clubs to organize.

20. On October 19, 2006, Chris Stafford, an attorney representing the Okeechobee GSA, wrote to Principal Wiersma, providing her with legal authority making clear that the clubs currently granted access at OHS were non-curricular student groups creating a limited open forum and requiring OHS to provide equal access under 20 U.S.C. §4071. A true and correct copy of that letter is attached as Exhibit C.

21. Despite the fact that she was now on notice regarding the law as it applied to the existing clubs at OHS, Principal Wiersma again denied access to the Okeechobee GSA, claiming that "we do not allow any clubs or organizations which are not related to the standard curriculum to organize or meet at Okeechobee High School" in a letter dated October 23, 2006 addressed to Okeechobee GSA counsel and copied to Dr. Patricia G. Cooper, Superintendent of Schools (the "Superintendent") and Tom Conely, School Board Attorney. A true and correct copy is attached as Exhibit D.

22. In an article that appeared in the November 2, 2006 edition of the Okeechobee News, Cooper is quoted as stating that the GSA was denied access because "[w]e are an abstinence-only district and we do not condone or promote any type of sexual activity." *See* Pete Gawda, *Club for gays at OHS denied*, Okeechobee News, November 2, 2006, a true and correct transcription attached as Exhibit E.

23. Cooper made this statement despite the fact the existence of the Okeechobee GSA does not implicate the district's "abstinence only" curriculum in any way.

24. The article goes on to quote Assistant Superintendent of Schools Ken Kenworthy, who admitted that viewpoint discrimination was the true motivation for denying access to the GSA: "We don't feel its appropriate in a school setting. The sexual orientation of a minor belongs in the home."

25. OHS has permitted and continues to permit several non-curricular clubs to meet on school grounds during non-instructional time, including before school, after school, and during homeroom, and to use other school facilities. *See* student declarations, true and correct copies of which are attached collectively as Composite Exhibit F.

26. At least one non-curriculum related student group existed at OHS at the time the Okeechobee GSA applied for recognition as a student group at OHS.

27. As of the filing of this Complaint, at least one non-curriculum related student group is officially recognized at OHS.

28. As demonstrated by their official recognition in the OHS student handbook (true and correct copy attached as Exhibit G), OHS officially recognizes the following non-curricular clubs:

    a.  Class of 2007;

    b.  Class of 2008;

    c.  Class of 2009;

    d.  Envirothon;

    e.  Future Business Leaders of America;

    f.  Fellowship of Christian Athletes;

    g.  Future Farmers of America;

    h.  Finance Academy;

     i.  Heath Occupations Students of America;

     j.  Interact Club;

     k.  Key Club;

     l.  Majorettes;

     m. National Beta Club;

     n.  National Honor Society;

     o.  Poetry Club;

     p.  Student Council; ; and

     q.  Youth Crime Watch.

29. As further shown on the official OHS website, http://www.okee.k12.fl.us/ohs/index.html, as of November 6, 2006 (true and correct copy attached as Exhibit H), OHS officially recognizes the following non-curricular clubs:

     a.  National Beta Club;

     b.  Crime Watch

     c.  Envirothon;

     d.  Future Business Leaders of America;

     e.  Fellowship of Christian Athletes;

     f.  Future Farmers of America;

     g.  Finance Academy;

     h.  Heath Occupations Students of America;

     i.  Interact Club;

     j.  Key Club;

    k.  National Honor Society;

    l.  Quill & Scroll; and

    m. Student Council.

30. Other non-curricular clubs that are permitted to use and continue to use school facilities, include:

    a.  Sign Language Club;

    b.  Chess Club;

    c.  Japanese Club;

    d.  Junior Cattleman's Association;

    e.  Card Club;

    f.  Crochet Club;

    g.  Okeechobee High School Army Color Guard Team;

    h.  Drill Team; and

    i.  Venture Team.

31. As listed on the OHS website (true and correct copy is attached as Exhibit I), OHS officially recognizes several athletic teams and sports clubs that are non-curricular student groups pursuant to the Equal Access Act, including:

    a.  Baseball;

    b.  Basketball;

    c.  Bowling;

    d.  Cheerleading;

    e.  Cross Country;

    f.  Flag Football;

  g. Football;

  h. Golf;

  i. Rodeo;

  j. Soccer;

  k. Softball;

  l. Swimming;

  m. Tennis;

  n. Track;

  o. Volleyball;

  p. Weightlifting; and

  q. Wrestling.

32. Official student group status confers a number of benefits on student groups, including, *inter alia*, the right to (a) be listed as an OHS club, (b) use the OHS public address system, (c) meet on OHS property, (d) post club-related information at OHS, (e) use OHS equipment and resources, (f) be photographed and listed in the OHS yearbook (true and correct copy attached as Exhibit J).

33. The Okeechobee GSA and its members have been and continue to be deprived of all of the benefits available to participants in other non-curricular groups.

34. SBOC has delegated final policy making authority regarding approval of school clubs at Okeechobee High School to Principal Wiersma.

35. SBOC provides no procedure for meaningful review of Principal Wiersma's decisions regarding non-curricular clubs.

36. The decision to deny equal access to the GSA was made pursuant to a policy, practice or custom of SBOC.

37. The Plaintiffs have no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### Violation of Statutory Equal Access Rights
### Brought Pursuant to 20 U.S.C. §§4071 et seq.

38. Paragraphs 1 through 37 above are incorporated by reference as if set forth in full.

39. Defendants are depriving the Plaintiffs of rights, privileges, and immunities secured by the Equal Access Act, 20 U.S.C. §4071, in that:

　　a. OHS is a public secondary school and receives federal financial assistance.

　　b. OHS has a "limited open forum" pursuant to the Equal Access Act, 20 U.S.C. §§4071, *et seq.*, because OHS allows at least one non-curricular student group to meet on school premises during non-instructional time.

　　c. Because OHS maintains a "limited open forum," OHS may not deny equal access or a fair opportunity to, or discriminate against, any students who wish to conduct a meeting within the "limited open forum" on the basis of religious, political, philosophical, or other content of the speech at such meetings.

　　d. Defendants violated, and continue to violate, the Equal Access Act by refusing, on the basis of the religious, political, philosophical, or other content or viewpoint of the Okeechobee GSA's speech, to allow the Okeechobee GSA to meet on OHS property on the same terms as it allows recognized student

groups to meet, and by refusing the Okeechobee GSA and the student members of the Okeechobee GSA other benefits accorded to recognized student groups.

40. Defendants' violation of the Equal Access Act has caused and continues to cause the Plaintiffs great harm.  Plaintiffs may seek redress for this violation directly under 20 U.S.C. §4071.

## SECOND CLAIM FOR RELIEF
## Violation of Statutory Equal Access Rights
## Brought Pursuant to 42 U.S.C. §1983

41. Paragraphs 1 through 37 above are incorporated by reference as if set forth in full.

42. Defendants are depriving the Plaintiffs of rights, privileges, and immunities secured by the Equal Access Act and are liable to the Plaintiffs pursuant to 42 U.S.C. §1983 in that:

   a. OHS is a public secondary school and receives federal financial assistance.

   b. OHS has a "limited open forum" pursuant to the Equal Access Act, 20 U.S.C. §§4071, *et seq.*, because OHS allows at least one non-curricular student group to meet on school premises during non-instructional time.

   c. Because OHS maintains a "limited open forum," OHS may not deny equal access or a fair opportunity to, or discriminate against, any students who wish to conduct a meeting within the "limited open forum" on the basis of religious, political, philosophical, or other content of the speech at such meetings.

d. Defendants violated, and continue to violate, the Equal Access Act by refusing, on the basis of the religious, political, philosophical, or other content or viewpoint of the Okeechobee GSA's speech, to allow the Okeechobee GSA to meet on OHS property on the same terms as it allows recognized student groups to meet, and by refusing the Okeechobee GSA and the student members of the Okeechobee GSA other benefits accorded to recognized student groups.

43. Defendants' violation of the Equal Access Act has caused and continues to cause the Plaintiffs great harm.  Plaintiffs rights under 20 U.S.C. §4071 are actionable under 42 U.S.C. §1983.

**THIRD CLAIM FOR RELIEF**
**Violation of First Amendment**

44. Paragraphs 1 through 37 above are incorporated by reference as if set forth in full.

45. By refusing to allow the GSA to meet on campus because of the viewpoint and content of the speech at its meetings, Defendants, acting under color of state law, are depriving the GSA Plaintiffs of their rights under the First Amendment to the United States Constitution, which is made applicable to these defendants by the Fourteenth Amendment and is actionable under 42 U.S.C. § 1983.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. An order declaring (i) that Defendants operate a "limited open forum" under the Equal Access Act; (ii) that the failure of Defendants to provide the Okeechobee GSA an

11

opportunity to meet on OHS property during non-instructional time and to accord the Okeechobee GSA benefits given to other recognized student groups is unlawful under 28 U.S.C. § 1983 and the Equal Access Act; and (iii) that Plaintiffs are entitled to immediate recognition as a student group and to access and use all OHS facilities on a basis equal to other non-curricular student groups at OHS;

B. An order declaring that Defendants, by refusing to allow the GSA to meet on campus because of the viewpoint and content of the speech at its meetings, violated and continue to violate Plaintiffs' rights protected under the First Amendment to the United States Constitution;

C. An order for preliminary and permanent injunction restraining and enjoining Defendants and their directors, officers, agents, affiliates, subsidiaries, servants, employees and all other persons or entities in active concert or privity or participation with them, from directly or indirectly preventing members of the Okeechobee GSA from (i) meeting on OHS property on the same terms as it allows recognized school groups to meet and (ii) enjoying all benefits given to other recognized student groups at OHS;

D. An order for mandatory injunction extending sanctioned student group status to the Okeechobee GSA and the rights and privileges of sanctioned student group status upon the Okeechobee GSA and protecting the Okeechobee GSA faculty advisor from retaliation;

E. An order directing Defendants to take such affirmative action necessary to eliminate its unlawful acts and to ensure Plaintiffs' rights will no longer be infringed;

F. Nominal damages;

G. An award to the Plaintiffs of their reasonable attorneys' fees and costs incurred in connection with this action from the Defendants, pursuant to 42 U.S.C. §1988 and/or 20 U.S.C. §4071; and

H. An order granting such further and different relief as this Court may deem just and proper.

Dated: December 29, 2006
Miami, Florida

s/Robert F. Rosenwald, Jr.

_____
Robert F. Rosenwald, Jr. (Fla. Bar No.: 0190039)
RRosenwald@aclufl.org
Randall C. Marshall (Fla. Bar No.: 0181765)
RMarshall@aclufl.org
American Civil Liberties Union Foundation of Florida
4500 Biscayne Blvd., Suite 340
Miami, Florida 33137
TEL:   (786) 363-2713
FAX:   (786) 363-1392

Attorneys for Plaintiffs

**Certificate of Service**

I hereby certify that on December 29, 2006, I electronically filed the foregoing

document with the Clerk of Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsel of record or *pro se* parties identified on

the attached Service List in the manner specified, either by transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those

counsel or parties who are not authorized to receive electronically Notices of Electronic

Filing.

<u>s/Robert F. Rosenwald, Jr.</u>
Robert F. Rosenwald, Jr.

**SERVICE LIST**
**Gay Straight Alliance of Okeechobee High Sch. vs. Sch. Bd. of Okeechobee County**
**Case No.: 06-14320-CIV-MOORE/LYNCH**
**United States District Court, Southern District of Florida**

David C. Gibbs III, Esq.
E-mail: dgibbs@gibbsfirm.com
Barbara J. Weller, Esq.
E-mail: bweller@gibbsfirm.com
Gibbs Law Firm, P.A.
5666 Seminole Blvd., Suite 2
Seminole, Florida 33772
TEL:   (727) 399-8300
FAX:   (727) 398-3907
Attorneys for Defendants School Board of Okeechobee County and Toni Wiersma