UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 06-14320-Civ-Moore/Lynch

GAY-STRAIGHT ALLIANCE OF
OKEECHOBEE HIGH SCHOOL, an
unincorporated association and YASMIN
GONZALEZ, through her parent and next
friend Frankie Michelle Gonzalez,

                Plaintiffs,
vs.

SCHOOL BOARD OF OKEECHOBEE
COUNTY and TONI WIERSMA, individually
and in her official capacity as principal of
Okeechobee High School,

                Defendants.
_____

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL EXHIBIT
IN SUPPORT OF THEIR RESPONSE TO DEFENDANTS'
MOTION TO DISMISS THEIR FIRST AMENDED COMPLAINT**

Plaintiffs, GAY-STRAIGHT ALLIANCE OF OKEECHOBEE HIGH SCHOOL (the "Okeechobee GSA") and YASMIN GONZALEZ ("Yasmin"), (collectively the "Plaintiffs"), bring to the Court's attention the declaration of defendant Toni Wiersma filed in support of Defendants' response to Plaintiffs' Motion for Preliminary Injunction. *See* Wiersma Declaration attached as Exhibit A. That declaration makes material admissions relevant to adjudicating Defendants' Motion to Dismiss the First Amended Complaint:

(1) Wiersma states that she is delegated final policy making authority by defendant SBOC as to extracurricular clubs at OHS: "I am tasked under school board policy with making decisions relative to the school's extracurricular activities." *Id.* at ¶4.

(2) Even if she did not possess final policy making authority, her actions were adopted as policy by defendant SBOC: "My decision to deny the formation of the club being requested by the students was supported by Dr. Patricia Cooper, the Superintendent of Okeechobee schools, by the School Board of Okeechobee County, and by Tom Conely, the school board attorney." *Id.* at ¶7.

WHEREFORE, Plaintiffs respectfully request that the Court consider these admissions when adjudicating Defendants' argument that there is no municipal liability under *Monell v. New York City Dep't of Soc. Serv*s., 436 U.S. 658, 686-89 (1978).

Respectfully Submitted

s/Robert F. Rosenwald, Jr.
_____
Robert F. Rosenwald, Jr. (Fla. Bar No.: 0190039)
RRosenwald@aclufl.org
Randall C. Marshall (Fla. Bar No.: 0181765)
RMarshall@aclufl.org
American Civil Liberties Union Foundation of Florida
4500 Biscayne Blvd., Suite 340
Miami, Florida 33137
TEL:  (786) 363-2713
FAX:  (786) 363-1392

Attorneys for Plaintiffs

## Certificate of Service

I hereby certify that on January 31, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Robert F. Rosenwald, Jr.
Robert F. Rosenwald, Jr.

SERVICE LIST
Gay Straight Alliance of Okeechobee High Sch. vs. Sch. Bd. of Okeechobee County
Case No.: 06-14320-CIV-MOORE/LYNCH
United States District Court, Southern District of Florida

David C. Gibbs III, Esq.
E-mail: dgibbs@gibbsfirm.com
Barbara J. Weller, Esq.
E-mail: bweller@gibbsfirm.com
Gibbs Law Firm, P.A.
5666 Seminole Blvd., Suite 2
Seminole, Florida 33772
TEL:  (727) 399-8300
FAX:  (727) 398-3907
Attorneys for Defendants School Board of Okeechobee County and Toni Wiersma

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 06-14320-Civ-Moore/Lynch

GAY-STRAIGHT ALLIANCE OF
OKEECHOBEE HIGH SCHOOL, an
unincorporated association and YASMIN
GONZALEZ, through her parent and next
friend Frankie Michelle Gonzalez,
               Plaintiffs,

vs.

SCHOOL BOARD OF OKEECHOBEE
COUNTY and TONI WIERSMA, individually
and in her official capacity as principal of
Okeechobee High School,

               Defendants.

## DECLARATION

STATE OF FLORIDA      )

COUNTY OF OKEECHOBEE    )

1. My name is Toni Wiersma. I am a defendant in the above-styled action. I am over the age of 18 years, and make this declaration on personal information.

2. I reside in the city of Okeechobee in Okeechobee County, Florida.

3. I am the Principal of Okeechobee High School, which is within the jurisdiction of the defendant School Board of Okeechobee County.

4. I am tasked under school board policy with making decisions relative to the school's extracurricular activities.

5. In my official capacity as Principal of Okeechobee High School, I denied permission for students to establish a Gay-Straight Alliance club at the school.

1



EXHIBIT B
PAGE 2 OF 6

6. At the time of that denial, there were no Equal Access Clubs of any kind meeting at the school, nor had any student ever previously requested the formation of any Equal Access Club. At that time, I was entirely unfamiliar with the provisions of the Equal Access Act.

7. My decision to deny the formation of the club being requested by the students was supported by Dr. Patricia Cooper, the Superintendent of Okeechobee schools, by the School Board of Okeechobee County, and by Tom Conely, the school board attorney.

8. On October 10, 2006, I was approached for the first time by student Shakedra James about the formation of a new student club at Okeechobee High School. I told her the students would need to find a teacher advisor and draft a constitution for the new club.

9. The students gave me a partial constitution for their new club on October 13 indicating that the students were concerned about harassment at the school and that they wanted to socialize and discuss issues of sexuality and sexual orientation. (Declaration Exhibit 1, attached hereto)

10. I was concerned that the club Shakedra and other students, including Yasmin Gonzalez, wanted to form was not consistent with the abstinence curriculum at Okeechobee High School.

11. I wanted to deal with any incidents of harassment and I also wanted to assist the students to deal with any emotional issues they were facing with regard to this issue. On October 17, I contacted Wendy Padgett, a trained guidance counselor at the school, to see if she would be willing to meet with these students for counseling. I believed that the

emotional issues these students were facing required the assistance of a trained guidance counselor, and not merely a teacher or the self-help of a student club.

12. On November 2, I met with four students who were interested in starting the new club. I asked them if they were being harassed at the school. They said they were not being harassed. I told the girls that I would not tolerate harassment of any kind at the school and wanted to deal with any incidents immediately.

13. During this meeting, I also told these four girls that I was concerned about the emotional issues they had raised and invited them to meet with Ms. Padgett. The other girls indicated they were favorable toward this idea, but they looked toward Shakedra, stating that Shakedra and Yasmin Gonzalez would have to make a decision about that invitation. Shakedra said that she would have to speak with Yasmin because Yasmin would have to decide whether the girls would be willing to meet with Ms. Padgett.

14. Later that day, the girls returned to my office with Yasmin. Yasmin was not willing to meet with Ms. Padgett or to have the other girls meet with her.

15. I again asked the girls about incidents of harassment. Again, these students were unable to name any particular incidents in which they had been harassed, although they said they had heard about harassment of other students in previous years.

16. On November 14, Shakedra James withdrew from Okeechobee High School. She left the community and she has not returned to the school since that time.

17. That same day, Yasmin came to my office and told me that she wanted to report an incident of harassment. She reported that Shakedra had been harassing her. Since Shakedra had already withdrawn from the school, I told Yasmin that she should contact me again if there were any further incidents with Shakedra or with anyone else.

3


EXHIBIT B
PAGE 4 OF 6

18. I had no further meetings with these students regarding the establishment of a student club, although I continue to hold out my offer for these students or others to meet with Ms. Padgett.

19. Since my initial decision to deny the formation of a Gay Straight Alliance club at Okeechobee High School, I have become familiar with the provisions of the Equal Access Act and I understand that OHS does have non curricular clubs at the school.

20. I continue to believe that this club would undermine the abstinence curriculum of Okeechobee High School and that meeting with Ms. Padgett would be a better way for these students to deal with the difficult issues they are facing.

21. I would deny any student permission to form any club based around sex and sexuality issues at Okeechobee High school without regard to the sexual orientation of the student making the request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed, January 29, 2007.

*Toni Wiersma*
Toni Wiersma