**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 06-14320-Civ-Moore/Lynch

GAY-STRAIGHT ALLIANCE OF
OKEECHOBEE HIGH SCHOOL, et al.,

      Plaintiffs,

vs.

SCHOOL BOARD OF
OKEECHOBEE COUNTY,

      Defendant.
_____/

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

      Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.5, Plaintiffs respectfully move for summary judgment. In support of their motion for summary judgment, Plaintiffs respectfully submit (1) the accompanying memorandum of law in support of their motion for summary judgment and in opposition to Defendant's motion for summary judgment, (2) the accompanying statement of undisputed material facts in support of their motion for summary judgment, and (3) the accompanying declarations of Robert F. Rosenwald, Jr., Layssa Zamora, Yasmin Gonzalez, Jessica Donaldson, and Eliza Byard, Ph.D.

**PROCEDURAL HISTORY**

      Plaintiffs filed a complaint on November 15, 2006 (DE 1), and an amended complaint on December 29, 2006 (DE 9), claiming that Defendant's refusal to permit Plaintiff Gay-Straight Alliance of Okeechobee High School (Plaintiff GSA) to meet on school premises during non-instructional time at Okeechobee High School (OHS) to the

same extent as other non-curricular student groups violates both the Equal Access Act (EAA), 20 U.S.C. § 4071, and the constitutional right to expressive association, U.S. Const. amend. I; see also U.S. Const. amend. XIV (DE 9-1, ¶¶ 38-45).  Plaintiffs prayed for declaratory relief, injunctive relief, an award of nominal damages, and an award of fees and costs (id. at 11-13).

On January 11, 2007, Plaintiffs moved for a preliminary injunction (DE 12).  On April 6, 2007, this Court granted Plaintiffs' motion for a preliminary injunction (DE 36).  In doing so, this Court concluded that Plaintiffs had demonstrated a substantial likelihood of success on the merits (id. at 4-9), and ordered that "Defendant shall, so long as it maintains a limited open forum under the EAA, grant official recognition and grant all privileges given to other clubs at [OHS] to [Plaintiff GSA]" (id. at 11).

On January 29, 2008, Defendant moved for summary judgment (DE 59).

## LEGAL STANDARD

"Rule 56(c) provides that the trial judge shall . . . grant summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Id. at 247-48 (emphases in original).

"As to materiality, the substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248 (citation omitted).

2

As to genuineness, "the inquiry involved in a ruling on a motion for summary judgment . . . necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." Id. at 252. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a [fact finder] to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

"Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (quotations omitted).

## CONCLUSION

For the reasons set forth in (1) the accompanying memorandum of law in support of their motion for summary judgment and in opposition to Defendant's motion for summary judgment, (2) the accompanying statement of undisputed material facts in support of their motion for summary judgment, and (3) the accompanying declarations of Robert F. Rosenwald, Jr., Layssa Zamora, Yasmin Gonzalez, Jessica Donaldson, and Eliza Byard, Ph.D., Plaintiffs respectfully submit that they meet the legal standard. Accordingly, Plaintiffs respectfully request that this Court grant their motion for

3

summary judgment and award them the relief for which they pray.

Dated:  February 29, 2008                    Respectfully submitted,
        Miami, FL

                                             s/Robert F. Rosenwald, Jr.
                                             _____
                                             Robert F. Rosenwald, Jr. (FL Bar No. 0190039)
                                             rrosenwald@aclufl.org
                                             Randall C. Marshall (FL Bar No. 0181765)
                                             rmarshall@aclufl.org
                                             American Civil Liberties Union Foundation
                                              of Florida
                                             4500 Biscayne Boulevard, Suite 340
                                             Miami, FL 33137
                                             Telephone: (786) 363-2713
                                             Facsimile: (786) 363-1392

                                             Kenneth Y. Choe
                                             kchoe@aclu.org
                                             James D. Esseks
                                             jesseks@aclu.org
                                             American Civil Liberties Union Foundation
                                             125 Broad Street, 18th Floor
                                             New York, NY 10004
                                             Telephone: (212) 549-2627
                                             Facsimile: (212) 549-2650

                                             Attorneys for Plaintiffs Gay-Straight Alliance
                                              of Okeechobee High School, et al.

**Certificate of Service**

  I hereby certify that on February 29, 2008, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF.  I also certify that the foregoing documents are being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                s/Robert F. Rosenwald, Jr.
                _____
                Robert F. Rosenwald, Jr.

**SERVICE LIST**
**Gay-Straight Alliance of Okeechobee High School, et al.,**
**versus School Board of Okeechobee County**
**Case No. 06-14320-Civ-Moore/Lynch**
**United States District Court, Southern District of Florida**

David C. Gibbs, III
dgibbs@gibbsfirm.com
Barbara J. Weller
bweller@gibbsfirm.com
Gibbs Law Firm, P.A.
5666 Seminole Boulevard, Suite 2
Seminole, FL 33772
Telephone: (727) 399-8300
Facsimile: (727) 398-3907
Attorneys for Defendant School Board of Okeechobee County
CM/ECF