**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 06-14320-Civ-Moore/Lynch

GAY-STRAIGHT ALLIANCE OF
OKEECHOBEE HIGH SCHOOL, et al.,

    Plaintiffs,

vs.

SCHOOL BOARD OF
OKEECHOBEE COUNTY,

    Defendant.
_____/

## DECLARATION OF YASMIN GONZALEZ

I, Yasmin Gonzalez, am over the age of seventeen and competent to be a witness to the matters stated herein, and state as follows:

1. I make this statement of my own personal knowledge and in support of Plaintiffs' motion for summary judgment and in opposition to Defendant's motion for summary judgment.

2. I am a plaintiff in this case.

3. During the 2006-2007 school year, I was a student at Okeechobee High School. I graduated from Okeechobee High School at the end of the 2006-2007 school year.

4. During the 2006-2007 school year, I was the president of Plaintiff Gay-Straight Alliance of Okeechobee High School (Plaintiff GSA).

5. During the fall semester of the 2006-2007 school year, several other students at Okeechobee High School and I requested permission for Plaintiff GSA to meet on school premises during non-instructional time at Okeechobee High School to the same extent as other non-curricular student groups. Our request was denied.

6. During my presidency, based on materials obtained from the Gay, Lesbian & Straight Education Network (GLSEN), Plaintiff GSA sponsored Day of Silence, an activity promoting an end to bullying and harassment of gay and lesbian students.

7. During my presidency, Plaintiff GSA considered only a small fraction of the material obtained from GLSEN, and implemented an even smaller fraction thereof. Plaintiff GSA did not consider or implement the material that appears on pages 9-10 of Exhibit F(b) to Defendant's memorandum of law in support of its motion for summary judgment. Plaintiff GSA did not consider or implement the material that appears on pages 15-27 of Exhibit F(a) and pages 1-2 of Exhibit F(b) to Defendant's memorandum of law in support of its motion for summary judgment. Plaintiff GSA did not have any inappropriate contact with GLSEN, or any contact with any other GSA, with the exception of a card/letter that its lawyers received from another GSA expressing only its support for Plaintiff GSA, to which Plaintiff GSA did not respond.

8. During my presidency, Plaintiff GSA never engaged in any discussion or activity related to sexual activity, and never intended or proposed to do so.

9. During my presidency, I communicated with Eric McCool. I understand that he is a former student of Okeechobee High School, whose family resides in Okeechobee. I understand that he owns a website design company. I was the only member of Plaintiff GSA who communicated with him. My mother was aware of and approved of my communication with him. He first contacted me prior to the issuance of the preliminary injunction. I understand that he did so because he saw news reports about Defendant's refusal to permit Plaintiff GSA to meet. We communicated about his support for Plaintiff GSA and his offer to set up and maintain a website for Plaintiff GSA. The website for Plaintiff GSA that he set up and maintained contained no inappropriate content. Although we communicated about the possibility of him

meeting the faculty advisor to Plaintiff GSA and me in person, we never made any arrangement to do so. We did not communicate about anything else. We never engaged in any inappropriate discussion or activity. Plaintiff GSA had no contact with any other adult outside of the school community, aside from its lawyers and a small number of reporters, with whom there was no inappropriate contact.

10. Prior to the issuance of the preliminary injunction, Plaintiff GSA had no choice but to meet off of school premises, which it did on its own initiative. The only adults present at any such meeting were its lawyers on one occasion and a reporter on another occasion, with whom there was no inappropriate contact.

11. During my presidency, Plaintiff GSA did not interfere with any relationship between a student and a counselor or parent. Following the issuance of the preliminary injunction, parental permission was required to participate in Plaintiff GSA.

\#

\#

\#

\#

\#

\#

\#

\#

\#

\#

\#

I swear and affirm under penalties of perjury that the contents of the foregoing declaration are true.

Dated:  February 29, 2008.

                                              s/Yasmin Gonzalez

                                              _____

                                              Yasmin Gonzalez