UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-14320-Civ-Moore/Lynch

GAY-STRAIGHT ALLIANCE OF
OKEECHOBEE HIGH SCHOOL, et al.,

    Plaintiffs,

vs.

SCHOOL BOARD OF
OKEECHOBEE COUNTY,

    Defendant.
_____/

## DECLARATION OF JESSICA DONALDSON

I, Jessica Donaldson, am over the age of seventeen and competent to be a witness to the matters stated herein, and state as follows:

1. I make this statement of my own personal knowledge and in support of Plaintiffs' motion for summary judgment and in opposition to Defendant's motion for summary judgment.

2. I was a student at Okeechobee High School until February 18, 2008.  Thereafter, I transferred to another school.

3. During the 2006-2007 school year, I was a member of Plaintiff Gay-Straight Alliance of Okeechobee High School (Plaintiff GSA).  During the 2007-2008 school year, I was the president of Plaintiff GSA until February 18, 2008.

4. During my presidency, Plaintiff GSA sponsored the following activities: a compilation of quotations promoting tolerance, which were intended to be read during morning announcements; and, based on material obtained from the Gay, Lesbian & Straight Education Network (GLSEN), Ally Week, an activity promoting an end to bullying and harassment of gay

and lesbian students. With respect to the former activity, I got the feeling that Wendy Padgett, the faculty advisor to Plaintiff GSA, did not want the quotations to be specific to tolerance of gay and lesbian people.

5. During my presidency, Plaintiff GSA considered only a small fraction of the material obtained from GLSEN, and implemented an even smaller fraction thereof. Plaintiff GSA did not consider or implement the material that appears on pages 9-10 of Exhibit F(b) to Defendant's memorandum of law in support of its motion for summary judgment. Plaintiff GSA did not consider or implement the material that appears on pages 15-27 of Exhibit F(a) and pages 1-2 of Exhibit F(b) to Defendant's memorandum of law in support of its motion for summary judgment. Plaintiff GSA did not have any inappropriate contact with GLSEN, or any contact with any other GSA.

6. During my presidency, Plaintiff GSA never engaged in any discussion or activity related to sexual activity, and never intended or proposed to do so.

7. During my presidency, Plaintiff GSA had no contact with Eric McCool or any other adult outside of the school community, aside from its lawyers and a small number of reporters, with whom there was no inappropriate contact.

8. In December of 2007, Plaintiff Gonzalez informed me that, when she was the president of Plaintiff GSA, she had a website set up for Plaintiff GSA. I instructed Plaintiff Gonzalez to have the website taken down. I did so, not because there was anything inappropriate about any content on the website, but rather because I preferred a webpage on the school website (which I believed would be more accessible to other students) to an independent website (which I believed would be a hassle).

9. During my presidency, Plaintiff GSA did not interfere with any relationship between a student and a counselor or parent. Parental permission was required to participate in Plaintiff GSA.

\#

\#

\#

\#

\#

\#

\#

\#

\#

\#

\#

\#

\#

\#

\#

\#

\#

\#

I swear and affirm under penalties of perjury that the contents of the foregoing declaration are true.

Dated: February 29, 2008.

s/Jessica Donaldson
_____
Jessica Donaldson